IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

NICHOLAS IRA PRIEST,

       Plaintiff,

  v.                                Civil Action No.
                                       5:16-CV-477 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

---

APPEARANCES:                     OF COUNSEL:

FOR PLAINTIFF

OFFICE OF JOHN L. BARDSLEY     JOHN L. BARDSLEY, ESQ.
36 Main Street
P.O. Box 166
HSBC Bank Building, Second Floor
Cortland, NY 13045

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN     KATHRYN S. POLLACK, ESQ.
United States Attorney              Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on January 17, 2017, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Acting Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: January 23, 2017
Syracuse, NY

3

```
                UNITED STATES  DISTRICT COURT
                NORTHERN DISTRICT OF NEW YORK
                ------------------------------------------------x
                NICHOLAS IRA PRIEST,


                vs.                                   16-CV-477

                Commissioner of Social Security.
                ------------------------------------------------x

                        Transcript of DECISION held on January 17, 2017,

                at the James Hanley U.S. Courthouse, 100 South Clinton Street,

                Syracuse, New York, the HONORABLE DAVID E. PEEBLES, Presiding.



                                   A P P E A R A N C E S

                For Plaintiff:         JOHN L. BARDSLEY, ESQ.
                (Via Telephone)        36 Main Street
                                       PO Box 166
                                       Cortland, New York 13045


                For Defendant:         SOCIAL SECURITY ADMINISTRATION
                (Via Telephone)        Office of Regional General Counsel
                                       Region II
                                       26 Federal Plaza - Room 3904
                                       New York, New York 10278
                                         BY:  KATHRYN S. POLLACK, ESQ.
```

1     (In chambers, via telephone:)

2     THE COURT: All right. I have before me a request for judicial review of an adverse determination by the Commissioner of Social Security pursuant to 42 United States Code, Sections 405(g) and 1383(c)(3).

6     The background is as follows: The plaintiff was born in August of 1979. Is currently 37 years old. Was 34 years old at the time of the hearing in this matter and 32 years old at the time of the alleged disability onset.

10    He has either a seventh or eighth grade education. The testimony and documentary evidence is equivocal. He testified that he finished seventh grade. The education records suggest that he actually completed eighth grade. He was in special education classes and classified as learning disabled in school.

16    He is 6 foot tall and 145 pounds, plus or minus, in weight. He is right-hand dominant. He's married and has a, at the time of the hearing, a three-year-old daughter and was expecting a son in September of 2014. Lives in an apartment.

20    He last worked on October 26th, 2011. He has a variety of past work, including as a janitor, farm worker, painter, tree trimmer, construction worker, security guard, assembler, industrial truck operator, and hotel maintenance and housekeeping and as a line cook. He has a right shoulder injury, right ear condition and TMJ. With regard to the

1  shoulder, he injured his shoulder in November of 2011 while
2  working on a farm.  He appeared at the emergency room on
3  November 26th, 2011, where he saw Dr. Mahlon Bradley.  He
4  underwent surgery by Dr. Bruce Greene in March of 2012 for an
5  anterior labral tear and a partial subsurface -- or
6  undersurface rotator cuff tear.  The shoulder was reinjured
7  in August of 2012 changing a tire.  He underwent arthroscopic
8  surgery again in June of 2013 by Dr. Brett Young for a labral
9  repair and distal clavicle excision.  The reports were that
10 the surgery was successful and he did appear to improve after
11 the surgery.
12         With regard to his right ear, plaintiff is nearly
13 deaf.  He is scheduled, or was at the time of the hearing,
14 scheduled for sound processing implant surgery.  The
15 condition, according to the plaintiff, causes balance issues
16 and he experiences infections.  The TMJ is something that
17 manifested itself, apparently, during his first shoulder
18 surgery.  He is undergoing or did undergo physical therapy
19 and was on a muscle relaxer and use of a mouth guard to
20 address the TMJ.
21         Plaintiff smokes one pack per day and has a history
22 of alcohol abuse from the time he was 19 until 2009, although
23 it appears to be in remission.  Daily activities include some
24 limited household chores, cooking, reading, physical therapy
25 and some hunting.

1    The procedural history is as follows.  Plaintiff
2 applied for Title II and Title XVI benefits on January 30,
3 2013, alleging an onset date of November 18, 2011.  The
4 hearing was conducted by Administrative Law Judge Roxanne
5 Fuller on June 5, 2014.  Administrative Law Judge Fuller
6 issued a decision on September 19, 2014, finding the
7 plaintiff not to be disabled.  That became a final
8 determination of the agency on March 4, 2016, when the Social
9 Security Administration Appeals Council denied review of that
10 determination.
11    In her decision, Judge Fuller applied the
12 now-familiar mandated 5-step sequential test for determining
13 disability.
14    At Step 1, concluded that plaintiff had not engaged
15 in substantial gainful activity since the alleged onset date.
16    At Step 2, concluded that the plaintiff suffers
17 from severe impairments, including a labral tear, tendonitis,
18 osteoarthritis and impingement of the right shoulder,
19 status-post two arthroscopic surgeries, hearing loss and
20 learning disability and depressive disorder.
21    At Step 3, the ALJ concluded that the plaintiff's
22 conditions did not meet or equal any of the listed
23 presumptively disabling conditions set forth in the
24 Commissioner's regulations.
25    The ALJ then determined that plaintiff is capable

1  of performing light work with modifications, including only
2  occasional push/pull with the right dominant arm; occasional
3  reaching and overhead reaching with the right dominant arm;
4  occasional climbs ramps or stairs; never climb ladders, ropes
5  or scaffolds; occasional balance, stoop, crouch, kneel and
6  crawl; occasional exposure to excessive noise; limited to
7  occupations that do not require fine hearing capability; and
8  able to perform simple routine and repetitive tasks.
9          Applying that RFC finding, the ALJ concluded at
10 Step 4, that plaintiff is not capable of performing any of
11 his prior past relevant work.
12         At Step 5, after first noting that the grids or
13 Medical-Vocational Guidelines could be utilized at Step 5, if
14 there was not a substantial erosion of the job base on which
15 it was predicated, concluded and noted that the grids would
16 direct a finding of no disability under Rule 202.18.
17         She, then, consulted with a vocational expert and
18 concluded, based on the expert's testimony, that plaintiff
19 could have performed jobs that are available in the national
20 economy, including as a checker, an advertising material
21 distributor and as a agricultural sorter.  She, therefore,
22 concluded that plaintiff was not disabled.
23         As you know, my task is limited.  The scope of the
24 Court's review is fairly deferential.  I must determine
25 whether correct, legal principles were applied and

1  substantial evidence supports the Commissioner's
2  determination.
3     First, I acknowledge the argument that was made by
4  the plaintiff that the credibility analysis should have
5  preceded the RFC determination and I acknowledge the
6  existence of cases in this and other districts, including
7  *Patrick against Colvin*, that say that.  Those cases, however,
8  tend to deal more with situations where an RFC determination
9  is made.  The ALJ then says, to the extent that the foregoing
10 RFC is inconsistent with plaintiff's allegations, I don't
11 credit plaintiff's allegations here.
12    We have a very specific -- one of the better,
13 frankly -- analyses that I've seen of plaintiff's claims.
14 The claims are laid out at Page 16 and 17 of the
15 administrative transcript and then the discussion that
16 follows discusses in detail how, in the ALJ's view, the
17 plaintiff's claims are not fully credible.
18    The fact that those paragraphs should have preceded
19 the RFC, in my view, is not critical or pivotal because it's
20 clear that the RFC determination was made, keeping in mind
21 these credibility determinations.
22    I, also, find that the RFC is supported by
23 substantial evidence.  I agree with plaintiff that it
24 certainly is -- would have been desirable to obtain another
25 consultative exam after plaintiff's second surgery and I do

1 acknowledge that Dr. Ganesh, whose opinions form, in large
2 part, the basis for the Commissioner's determination, came in
3 between the first and second surgery. But I agree with the
4 Commissioner that the treatment records from Dr. Young
5 support a finding that the second surgery resulted in
6 significant improvement.
7 And there were other factors that were cited by the
8 commissioner and Dr. Young, in many respects, medical source
9 statement supports the RFC determination, as well as
10 physician's assistant Kehee. The records show improvement,
11 including with regard to flexion and elevation after the
12 second surgery. Four out of five strength in the right
13 shoulder.
14 I didn't understand the argument regarding limited
15 education but I don't find any problem with that. Plaintiff
16 does experience limited education. The records reflect that
17 he had only a seventh or eighth grade education. I note the
18 Commissioner, also, cited the fact that plaintiff doesn't
19 have any regular medications or regular treatment.
20 He applied for, apparently, a bow hunting permit
21 from Dr. Young to allow him to use a special mechanical
22 release assistance on his hunting bow. That was in September
23 of 2013. That's Page 672 of the administrative transcript.
24 The administrative law judge, also, relied on
25 plaintiff's daily activities, which included hunting, some

1 snow shoveling, gardening and driving.
2        So, I find that the Commissioner's determination,
3 again, applying my deferential standard of review, is
4 supported by substantial evidence.  So, I will grant judgment
5 on the pleadings to the defendant.
6        Thank you both for excellent written and oral
7 presentations.  I hope you have a good day.
8            MS. POLLACK:  Thank you, Judge.
9            MR. BARDSLEY:  Thank you.
10           (Proceedings adjourned, 11:22 a.m.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1
2
3         C E R T I F I C A T I O N
4
5         I, DIANE S. MARTENS, Registered Professional
6  Reporter, DO HEREBY CERTIFY that I attended the foregoing
7  proceedings, took stenographic notes of the same, that
8  the foregoing is a true and correct copy of same and the
9  whole thereof.
10
11
12
13
14  _____
15         DIANE S. MARTENS, FCRR
16
17
18
19
20
21
22
23
24
25